**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10989**
**Summary Calendar**
_____

**BRUCE ALBERT KIRK,**

**Plaintiff-Appellant,**

**versus**

**PHIL RYAN, in his official capacity as**
**Sheriff of Wise County,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(USDC No. 4:96-CV-878-Y)**
_____

February 26, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bruce Albert Kirk, Texas prisoner #478497, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Kirk contends that the district court abused its discretion in dismissing his action as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and in dismissing his claim for injunctive relief as moot.

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kirk claims that, *after his April 1996 arrest*, officers in the Wise County Detention Center disregarded his medical condition, failed to provide **Miranda** warnings or counsel during questioning, and placed him in a holding cell without a mattress or bunk. Kirk also claims that, *after his July 1996 arrest*, officers in the Wise County Detention Center delayed medical treatment of his injured foot, exposed him to unsanitary conditions, failed to provide over-the-counter medication, failed to provide mail service on Saturdays, and failed to provide indigent supplies.

Kirk names only Sheriff Phil Ryan as a defendant. But, Kirk did not allege that Sheriff Ryan directly caused or contributed to the officers' alleged actions. Accordingly, the district court did not abuse its discretion in dismissing these claims against Sheriff Ryan as frivolous. *See* **Thompkins v. Belt**, 828 F.2d 298, 304 (5th Cir. 1987) ("[A] supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

Along this line, the district court ordered Kirk to provide a more definite statement, specifically requesting facts concerning Sheriff Ryan's actions, policies, or failure to supervise that resulted in any of the alleged violations of Kirk's rights. After consideration of Kirk's more definite statement, the district court dismissed the complaint with prejudice. On appeal, Kirk does not

contend that the district court's dismissal should have been without prejudice, or that he would amend his complaint if given the opportunity. *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995) ("When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice."), *cert. denied*, 116 S. Ct. 1058 (1996).

Accordingly, the judgment of the district court dismissing Kirk's complaint with prejudice is **AFFIRMED.**